Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kaylee Nye;<br><br>    Plaintiff,<br><br>v.<br><br>Fisher & Burns Financial, LLC;<br><br>    Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I. Preliminary Statement**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt, Defendant engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover her actual damages and statutory damages, together with reasonable attorney's fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

3. Plaintiff is a natural person who resides in Pinal County, Arizona.
4. Plaintiff is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).
6. Defendant Fisher & Burns Financial, LLC ("Fisher") is a Delaware limited liability company.
7. Fisher's primary place of business is located in the State of California.
8. Fisher collects or attempts to collect debts which have been assigned to it after default, or which it claims to have purchased after default.
9. Fisher is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. Factual Allegations

10. In or about 2012, Plaintiff was solicited by Vivint Alarm Solutions for an alarm system to be installed on the home she was renting.
11. Plaintiff questioned the Vivint salesman whether she needed to get

- 2 -

the home owner's permission before installing the alarm system, but was told that she did not need the permission.

12. Based on these representations, Plaintiff initially agreed to the alarm system.

13. The Vivint agreement provided for a 3-day right of cancellation.

14. Plaintiff exercised her right of cancellation, and timely cancelled the alarm system contract with Vivint within three days.

15. In response to her cancellation, Vivint returned and removed all the alarm equipment installed at the property.

16. The Vivint services were incurred for personal, family, or household purposes.

17. Despite cancelling the service, Vivint subsequently claimed a remaining balance owed for the alarm service, and assigned or sold the alleged debt to Fisher for collection purposes.

18. In or about July 2016, Plaintiff received notice from her brother that Fisher had telephoned him and that they were looking for Plaintiff and her mother.

19. During this call, the Fisher collector referred to and left a "case number" and a phone number to call with Plaintiff's brother.

20. In or about July 2016, Plaintiff received notice that Fisher had also contacted Plaintiff's mother's ex-husband and had referred to and left a "case number" and a phone number to call with him.

21. After receiving these notices, Plaintiff called the phone number and spoke with a collector at Fisher.

22. During this call, the collector told Plaintiff that they could not find

1     her contract, and that everything was taken care of.

2    23.   Plaintiff understood this to mean that Fisher would no longer attempt to collect this disputed debt.

4    24.   No further calls were received from Fisher after the July 2016 calls.

5    25.   In March 2017, Plaintiff applied for a loan and learned that Fisher was reporting the Vivint debt on her Experian credit report.

7    26.   Plaintiff immediately called Fisher to ask why this account was being reported.

9    27.   The collector told Plaintiff that she and her mother owed this debt.

10   28.   While still on the phone, Plaintiff called her mother and connected her to the call with the Fisher collector.

12   29.   During this call Plaintiff disputed owing the debt and requested that Fisher remove this account from her credit report.

14   30.   The collector told Plaintiff that in order to remove the account from the credit report, she would need to pay the full balance of the alleged debt which was nearly $2,000.

17   31.   During the call the collector admitted that Vivint's practices were "pretty shady" and that its sales people would say whatever you wanted in order to get rid of you.

20   32.   During the call, the collector told Plaintiff that he had a copy of the contract, but could not provide it to her unless there was legal action.

23   33.   The collector stated that giving Plaintiff a copy of the contract would be what is called "discovery" in a lawsuit, and that he would not give her anything that would help her in court.

34. During this call, the collector threatened Plaintiff with legal action if she refused to settle the account for 25% of the balance, or pay the alleged debt off in full.

35. The collector also told Plaintiff that he could give her a copy of the contract if she paid the full amount allegedly due, including all fees and penalties, which was now over $2,200.

36. During the call, the collector also told Plaintiff that he would fax her a letter stating that upon her paying $478.25, or 25% of the debt, Fisher would delete the account off her credit report.

37. On or about March 16, 2017, Fisher telephoned Plaintiff concerning the alleged debt at 6:56 a.m.

38. Plaintiff's first communication with Fisher was in July 2016.

39. At no time has Fisher provided Plaintiff notice of her rights to dispute the alleged debt as required by the FDCPA, 15 U.S.C. § 1692g.

40. During her call with Fisher in July 2016, Plaintiff disputed owing the debt to Vivint and or Fisher.

41. Subsequent to her oral dispute to Fisher in July 2016, Fisher furnished credit information concerning Plaintiff to one or more of the three national consumer reporting agencies, including Experian.

42. At the time Fisher furnished credit information concerning Plaintiff to Experian, if failed to notify Experian that the debt was disputed by Plaintiff.

43. Upon information and belief, Fisher first submitted credit informa-

- 5 -

tion concerning Plaintiff to Experian in August 2016.

44. As a result of Defendant's actions as outlined above, Plaintiff has suffered actual damages including, but not limited to, emotional distress, anxiety, worry, sleeplessness, frustration, invasion of privacy, and other extreme emotional distress.

45. Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights, and part of Defendant's persistent and routine practice of debt collection.

46. In the alternative, Defendant's actions were negligent.

## V. Causes of Action

### a. Fair Debt Collection Practices Act

47. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

48. Defendant's violations of the FDCPA include, but are not limited to, 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d(6), 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

49. As a direct result and proximate cause of Defendant's actions taken in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

    a) Actual damages under the FDCPA;

    b) Statutory damages under the FDCPA;

1     c)     Costs and reasonable attorney's fees pursuant to the FDCPA;
and

d)     Such other relief as may be just and proper.

DATED   April 28, 2017  .

        s/ Floyd W. Bybee
        Floyd W. Bybee, #012651
        **BYBEE LAW CENTER, PLC**
        90 S. Kyrene Rd., Ste. 5
        Chandler, AZ 85226-4687
        Office: (480) 756-8822
        Fax: (480) 302-4186
        floyd@bybeelaw.com

Attorney for Plaintiff